ALBERT W. RUHLE, Appellant, *v.* JAMES B. WHITE, Respondent.

Third Department, November 16, 1921.

Malicious prosecution — nonsuit not granted for lack of malice if there was no probable cause — when probable cause exists — prima facie evidence of probable cause exists where plaintiff, arrested for larceny of barrel, was convicted by court of limited jurisdiction even though conviction was reversed — question for jury as to probable cause.

In an action for malicious prosecution a nonsuit cannot be granted on the ground that there is no malice shown, if there was no probable cause for the arrest.

If a discreet and prudent person would have been led to believe that the accused had committed the crime with which he was charged, upon the facts then appearing, there was probable cause.

Where the plaintiff was convicted for the larceny of a barrel before a court of
  limited jurisdiction, there was *prima facie* evidence that there was prob-
  able cause, even though the conviction was reversed upon appeal.
On all the evidence, *held*, that there was a question for the jury as to whether
  or not there was probable cause to believe that the plaintiff intended to
  steal the barrel.

KILEY, J., dissents.

APPEAL by the plaintiff, Albert W. Ruhle, from a judgment
of the Supreme Court in favor of the defendant, entered in
the office of the clerk of the county of Saratoga on the 24th
day of May, 1921, upon the dismissal of the complaint by
direction of the court at the close of the plaintiff's case.

*Corliss Sheldon*, for the appellant.

*Brackett, Todd, Wheat & Wait* [*Hiram C. Todd* and
*E. Raymond Shepard* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The nonsuit was granted upon the ground that there was
no malice shown. That ground is not tenable if there was no
probable cause for the arrest. The plaintiff told the defendant
that Asher Glenn told him he had a thirty-gallon cask at the
defendant's " somewhere " and that he could take it. The
plaintiff repeated this conversation to the defendant, who said:
" If Asher Glenn says so it must be so.   *   *   *   You go to
my Broadway .place and probably you will find it there."
Plaintiff went to the Broadway place, in the day time, and told
Fagan, the man in charge, of the conversation with the defend-
ant. Plaintiff was unable to find the thirty-gallon cask, but
there were many larger barrels there. He went back and told
Fagan there was no thirty-gallon barrel there. Fagan said
there were lots of barrels " sitting besides the chimney," and
" a barrel is a barrel ain't it? " Plaintiff said yes. He went back
and got a fifty-gallon barrel, took it down and a man by the
name of Allen came along and helped him put it upon his car
and he took it away. The next day defendant called him up
on the telephone and said, " You made a mistake and took
my barrel, haven't you? " plaintiff said," I don't know.
I was told to take one of them," to which defendant replied,
" I want my barrel," and the plaintiff answered, " if you will

let me have the thirty-gallon cask, I will let you have the barrel." A day or two afterwards the defendant asked the plaintiff when he was going to bring the barrel back and the plaintiff replied, " Just as soon as I get my thirty-gallon cask," and told him that Fagan gave him permission to take it. Thereupon the defendant caused the plaintiff's arrest for stealing the barrel.

The case was tried before the city judge of Saratoga Springs, and the plaintiff was convicted, but the conviction was reversed on appeal, upon the ground that there was no larceny. Thereupon the plaintiff brought this action for malicious prosecution. If a discreet and prudent person would have been led to believe that the accused had committed the crime with which he was charged, upon the facts then appearing there was probable cause. (*Burns* v. *Wilkinson*, 228 N. Y. 113.) While Fagan, the defendant's employee, in a way consented to the taking of the cask, it was evident that he had no authority so to do. The facts appearing made it clear that the plaintiff did not believe the cask was Glenn's, but laid a fair basis for the belief that he might properly take it in place of the thirty-gallon cask. These facts might impress a prudent person that the plaintiff did not intend to steal the barrel. The fact that the plaintiff refused to return the cask when the defendant demanded it, might, with the other facts, lead a jury to distrust the plaintiff's motive when he took the barrel and tend to satisfy it that he knowingly took it without right and wrongfully intended to keep it.

The fact that the case was tried before the City Court, a court of limited jurisdiction, and that the plaintiff was convicted, was *prima facie* evidence that there was probable cause, even though the conviction was reversed upon appeal. (*Nicholson* v. *Sternberg*, 61 App. Div. 51; *Burt* v. *Smith*, 181 N. Y. 1; *Schultz* v. *Greenwood Cemetery*, 190 id. 276, 281.) Upon the whole case, therefore, there was a question for the jury whether or not there was probable cause to believe the plaintiff intended to steal the barrel. The evidence may not be strong, but as matter of law it cannot be said that there was no evidence. If there was a want of probable cause, when we consider that the defendant was angry when he made the complaint, malice might well be found.

The judgment should, therefore, be reversed and a new trial granted, with costs to the appellant to abide the event.

COCHRANE, H. T. KELLOGG and VAN KIRK, JJ., concur; KILEY, J., dissents.

Judgment reversed and new trial granted, with costs to appellant to abide event.